IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMAL K. ROY,

        Plaintiff,                        No. 2:09-cv-3026 LKK DAD PS

    vs.

USA,                                    <u>FINDINGS AND RECOMMENDATIONS</u>

        Defendant.

_____/

        Kamal K. Roy, a New York resident proceeding pro se, has filed a collection of 58 pages that have been liberally construed as a civil complaint. The collection does not bear a proper caption, and the court has found it necessary to derive the names of the parties from the civil cover sheet included in the filing. Also included in plaintiff's filing is an application to proceed in forma pauperis, presented on a form utilized by the United States District Court for the District of Colorado. The proceeding has been referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). Here, the affidavit submitted by plaintiff indicates that he

1  is a "part disabled" senior citizen whose income consists of SSI.  (Doc. 1 at page electronically
2  numbered 8.)

3  Although plaintiff's in forma pauperis application appears to demonstrate inability
4  to pay the filing fee, the determination that a plaintiff is eligible to proceed in forma pauperis
5  does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is required
6  to dismiss an in forma pauperis case at any time if the court determines that the allegation of
7  poverty is untrue or that the action is frivolous or malicious, fails to state a claim on which relief
8  may be granted, or seeks monetary relief against an immune defendant.

9  A case is frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989);  Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
11  699 (9th Cir. 1990).  Under this standard, a court must dismiss a claim as frivolous where it is
12  based on an indisputably meritless legal theory or where the factual contentions are clearly
13  baseless.  See Neitzke, 490 U.S. at 327; see also 28 U.S.C. § 1915(e).

14  To state a claim on which relief may be granted, the plaintiff must allege "enough
15  facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550
16  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court
17  accepts as true the material allegations in the complaint and construes the allegations in the light
18  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.
19  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,
20  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
21  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court is not required to
22  accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.
23  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

24  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
25  complaint must give the defendants fair notice of the plaintiff's claims and must allege facts that
26  state the elements of the claims plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  733 F.2d at 649.

The Federal Rules of Civil Procedure also require that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  Such a statement is required because federal courts, as courts of limited jurisdiction, may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).  Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  The burden of establishing jurisdiction rests upon the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377.

Plaintiff's pleading consists of numerous pages filled with random scribblings scattered across them.  Some pages are copies of documents on which plaintiff has scrawled various letters, numbers, words, and sentence fragments.  In the civil cover sheet referenced supra, plaintiff identifies defendants as "#1 To Whom It May Concern in USA et al, #2 Rev Dr K. KK Roy, #3 Nobel Peace Prize Norwegian, #4 BH Obama."  (Compl., page electronically numbered 3.)  In the section titled "Basis of Jurisdiction," plaintiff has checked boxes indicating jurisdiction based on "U.S. Government Defendant" and "Federal Question (U.S. Government Not a Party)."  He has marked boxes indicating that the nature of his suit is "Other Civil Rights" and his cause of action is "civil rights violations," for which he seeks "60 million US $."

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

The court is unable to discern in plaintiff's filing any statement that can be construed as jurisdictional or any allegations that state a cognizable federal claim against any person or entity within the jurisdiction of this court. It is impossible to summarize plaintiff's allegations, as no comprehensible statements can be found in plaintiff's filing.

It appears that this court lacks subject matter jurisdiction over this action. See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). See also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

The court notes that among the documents plaintiff has used for writing paper is a multi-page PACER search result showing that as of May 20, 2009, plaintiff had filed over a hundred cases in federal courts across the nation. The records of the United States District Court for the Eastern District of California reveal that plaintiff has filed two previous cases in this court.[2] On August 13, 2007, Kamal K. Roy filed Roy v. Unknown, 2:07-cv-1665 MCE GGH PS, a case in which the defendants could not be discerned from plaintiff's 166-page pleading. The case was dismissed on May 2, 2008, due to plaintiff's failure to comply with a court order requiring him to file a properly completed in forma pauperis application on the form provided by

/////

---

[2] A court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc.,442 F.3d 741, 746 n.6 (9th Cir. 2006); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000).

1  the court.  On October 24, 2008, Kamal K. Roy filed <u>Roy v. USA Government</u>, 2:08-cv-2537

2  GEB KJM PS.  In screening plaintiff's pleading, Magistrate Judge Mueller observed that

> [t]he complaint consists of 38 pages, some of which are jotted
> handwritten notes of what appear to be random thoughts, rather
> than an attempt to state a cause of action.  There is no discernible
> theme running through the notes, other than it appears that plaintiff
> is complaining about the political process and is demanding $49.8
> million dollars in "matching funds."  On page seventeen of the
> complaint, there is an order from the United States District Court
> for the Eastern District of New York indicating that plaintiff is
> prone to filing vexatious and frivolous pleadings.  Because plaintiff
> presently resides in New York and there is no apparent connection
> between the allegations of the complaint and the Eastern District of
> California, plaintiff's choice of venue appears random and is
> dubious, at best.

Order filed in 2:08-cv-2537 GEB KJM PS on Nov. 17, 2008, at 2.  Although plaintiff's 2008 complaint was dismissed with leave to amend, plaintiff did not file an amended complaint or respond to the court's November 17, 2008 order in any manner.  The 2008 case was dismissed on March 10, 2009 due to plaintiff's failure to file an amended complaint.

In light of the severe deficiencies of plaintiff's current pleading and his past failure to cure similar deficiencies in response to court orders in prior cases in this court, the undersigned finds that it would be futile to grant plaintiff leave to amend the complaint in this action.  See <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments).  The undersigned will therefore recommend that plaintiff's in forma pauperis application be denied and that this action be dismissed with prejudice for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

/////

/////

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 29, 2009 application to proceed in forma pauperis (Doc. No. 1 at pages electronically numbered 7 through 10) be denied; and

2. This action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after these findings and recommendations are served by the Clerk of the Court, plaintiff may file written objections with the court.  A document containing objections must be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 22, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\roy 3026.f&r.dsm

6